# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1902

_____

United States of America,

Appellee,

v.

Steven W. Brown,

Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Western District of Missouri.
\*
\*        [UNPUBLISHED]
\*

_____

Submitted:  January 6, 2000

Filed:  January 26, 2000

_____

Before RICHARD S. ARNOLD, BOWMAN, and MORRIS SHEPPARD ARNOLD,
      Circuit Judges.

_____

PER CURIAM.

   A jury convicted Steven Brown of conspiring to distribute cocaine base, in
violation of 21 U.S.C. § 846, and possessing cocaine base with intent to distribute, in
violation of 21 U.S.C. § 841(a)(1).  In a prior appeal, we affirmed his convictions, but
remanded for resentencing on the issue of drug quantity.  See United States v. Brown,
156 F.3d 813, 817-18 (8th Cir. 1998).

On remand, the district court[1] credited the testimony of Mr. Brown's co-defendants at his trial, concluding that he was responsible for 50-150 grams of cocaine base, and sentencing him to concurrent terms of 360 months imprisonment and 5 years supervised release. Mr. Brown appeals, arguing that the court erred in finding his co-defendants credible, and erred in concluding on the basis of their testimony that the amount of cocaine base was reasonably foreseeable to him and within the scope of their conspiracy.

Having carefully reviewed the trial testimony of the witnesses cited by the district court, we conclude that its drug-quantity determination was not clearly erroneous. See United States v. Milton, 153 F.3d 891, 898 (8th Cir. 1998) (standard of review), cert. denied, 119 S. Ct. 1082 (1999). The court's findings regarding witness credibility are virtually unreviewable on appeal, see United States v. Johnson, 169 F.3d 1092, 1098 (8th Cir.), cert. denied, 120 S. Ct. 143 (1999), and we are not persuaded that they should be disturbed in this case. Mr. Brown's co-defendants' testimony regarding the amount of cocaine base involved in the offense established that the drug quantity was reasonably foreseeable to Mr. Brown, and was within the scope of their conspiracy, by demonstrating that Mr. Brown had a leadership role in the conspiracy and actively managed the acquisition, transportation, and sale of the cocaine base.

Accordingly, we affirm the judgment of the district court.

---

[1]The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri.

A true copy.

Attest:

　　　　CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.